IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

STONEY GLEN, LLC, ET AL.,

    Plaintiffs,

v.                                                  Civil Action No. 2:13cv8-HCM-LRL

SOUTHERN BANK AND TRUST CO.,

    Defendant.

## OPINION AND ORDER

This matter is before the Court on Defendant Southern Bank and Trust's ("Defendant") Motion for Reconsideration and/or Clarification (the "Motion"), Doc. 37, wherein Defendant requests that the Court reconsider or clarify its Opinion and Order, Doc. 35, (the "previous order") denying Defendant's Motion to Dismiss, Doc. 24. Also pending are Plaintiffs' Motion to Compel Discovery, Doc. 45, and Motion to Expedite the Briefing and Hearing on Plaintiffs' Motion to Compel, Doc. 47, which depend on the resolution of Defendant's Motion for Reconsideration. After examination of the briefs and the record, the Court determines that oral argument is unnecessary because the facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. For the reasons detailed below, Defendant's Motion is **DENIED**, except to the extent that this Order clarifies the Court's previous order. Because this decision leaves nothing for the Court to decide with regard to Plaintiff's Motions, they are **DENIED as MOOT.**

### I. BACKGROUND

In its previous order, the Court held that Virginia recognizes a duty of good faith and fair dealing (the "Duty") in common law contracts. See Doc. 35 at 6, 7. The Court recognized that a party does not breach the Duty by acting arbitrarily if the party is exercising a clear contract right.

1

Id. at 8 (citing Charles E. Brauer Co., Inc. v. NationsBank of Va., N.A., 251 Va. 28, 35, 466 S.E.2d 382, 386 (1996)). The Court further recognized, however, that arbitrary conduct may be a breach of the Duty when the party is exercising contractual discretion. Id. (citing Virginia Vermiculite, Ltd. v. W.R. Grace & Co.-Conn., 156 F.3d 535, 542 (4th Cir. 1998)). The Court considered the allegations in Plaintiff's Amended Complaint and ultimately concluded that Plaintiffs had sufficiently alleged a breach of the Duty to survive Defendant's Motion to Dismiss. Id. at 13. The Court reasoned that—because the contract required Plaintiffs to produce financial statements for Defendant's review and permitted Defendant to terminate the contract if, in reviewing the documents, Defendant "determine[d] or discover[ed] that the [statements] contained a material misrepresentation or omission,"—Defendant was required to undertake that review in good faith. Id. at 12. That is, the review of the financial statements involved some degree of discretion whereby arbitrarily declaring a financial statement false without any real review would be a breach of the Duty. Id. at 13. The Court also considered Defendant's argument that the Court should not find discretion antecedent to the exercise of a contract right, but rejected it. Id. at 11, 12. Instead, the Court held that allegations of arbitrary conduct in Defendant's review of financial statements should not be dismissed simply because it is possible that Defendant had a contractual right to terminate. Whether Defendant had such a right to terminate is an issue the Court has not yet decided at this early stage.[1] Id. at 12, 13.

## II. LEGAL STANDARDS

Defendant moves for reconsideration of this Court's Opinion and Order on Defendant's Motion to Dismiss pursuant to Rule 54(b). See Doc. 37. "[A]ny order . . . that adjudicates fewer than all the claims . . . does not end the action as to any of the claims . . . and may be revised at any

---

[1] This is a key difference that distinguishes In re Buffalo Coal Co., 06-366, 2010 WL 724702 (Bankr. N.D. W. Va. Feb. 26, 2010). As the Court noted in its previous order, the court in Buffalo Coal had already ruled that the right to terminate existed before the court considered a breach of the Duty. See Doc. 35 at 12 n.9. The other key difference being that, in Buffalo Coal, the plaintiff alleged the Duty was breached by the actual exercise of the right, but here, Plaintiff alleges the Duty was breached by an arbitrary review conducted by Defendant prior to the purported exercise of the right.

2

time before the entry of a judgment adjudicating all the claims." Fed. R. Civ. P. 54(b). A district court judge can grant a motion for reconsideration. Generally, a motion to reconsider is appropriate where the Court

> has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension . . . [or] a controlling or significant change in the law or facts since the submission of the issue to the Court [has occurred]. Such problems rarely arise and the motion to reconsider should be equally rare.

Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). Further, such a motion should not be used to merely reiterate arguments, but may be appropriate if "the prior decision was clearly erroneous and would work manifest injustice." Sejman v. Warner–Lambert Co., Inc., 845 F.2d 66, 69 (4th Cir.1988); see also Above the Belt, Inc., 99 F.R.D. at 101. Subject to these guiding principles, relief under Rule 54(b) "is committed to the discretion of the district court." McAfee v. Boczar, 3:11CV646, 2012 WL 2505263 (E.D. Va. June 28, 2012) (citing Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 515 (4th Cir. 2003)).

### III. ANALYSIS

In its Motion for Reconsideration, Defendant argues that the Court incorrectly found contractual discretion and incorrectly held that discretion could be found directly antecedent to the exercise of a contractual right. The Court has reviewed all the briefs on the matter and is not persuaded that the previous order contained any clear error that would work manifest injustice. Instead, Defendant is reiterating the arguments that the Court already considered in ruling on Defendant's Motion to Dismiss. Plaintiffs have sufficiently alleged a breach of the Duty and it would not be appropriate to dispose of the claims at this juncture via a Motion to Dismiss.

Defendant also believes that the Court may have implied that the issue of whether Plaintiffs' financial statements were false or misleading is a wholly subjective inquiry. Doc. 40 at 2, 3; Doc. 38 at 6 (discussing the Court's previous order, Doc. 35, at 12). The Court intended no holding on the

3

objectiveness or subjectiveness of that inquiry and none should be inferred. Rather, the Court held that since review of Plaintiffs' financial statements was committed to Defendant, and the issue of whether Defendant had a contractual right to terminate is unresolved, the Court will not dismiss allegations that Defendant acted in bad faith and breached the Duty by arbitrarily declaring a financial statement false without any real review.

## IV. CONCLUSION

Accordingly, because the Court's previous order, Doc. 35, does not contain any clear error that would work manifest injustice, the Court declines to exercise its discretion to reconsider its ruling and **DENIES** Defendant's Motion for Reconsideration and/or Clarification, Doc. 37, except to the extent that this Order clarifies the Court's previous order. Also pending before the Court are Plaintiffs' Motion to Compel Discovery, Doc. 45, and Motion to Expedite the Briefing and Hearing on Plaintiffs' Motion to Compel, Doc. 47. As some objections have been resolved, Doc. 52 at 1, and Defendant has stated that "it would reconsider [the only remaining] objection . . . if the Court denies Southern Bank's currently pending Motion for Reconsideration," Doc. 49 at 4, nothing remains for the Court to resolve. Accordingly, Plaintiffs' Motions, Docs. 45 and 47, are **DENIED** as **MOOT**, except that the defendant is cautioned that the filing of a Motion to Reconsider does not stay discovery, and without prejudice to Plaintiffs' right to bring the Motions again should any of the issues contained therein reemerge.

The Clerk is **REQUESTED** to send a copy of this Order to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge
HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
Date: August 26, 2013

4